IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATTI J. MCKAY,  Civil No. 06-3093-AA
  OPINION AND ORDER
                Plaintiff,

        vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

---

Arthur W. Stevens III
Black, Chapman, Webber, Stevens,
Petersen & Lundblade
221 Stewart Ave., Ste. 209
Medford, Oregon 97501
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Leisa A. Wolf
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

       Claimant, Patti J. McKay, brings this action pursuant to

1   - OPINION AND ORDER

the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act and for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for additional proceedings.

**PROCEDURAL BACKGROUND**

Plaintiff protectively filed her applications for benefits on May 5, 1999. Tr. 113-15. Plaintiff's application was denied initially and on reconsideration. On May 2, 2001, plaintiff appeared with counsel for a hearing before a Administrative Law Judge (ALJ). Tr. 42-86. The ALJ left the record open in order to gather further medical and vocational information. Tr. 80-86. On July 19, 2001, the ALJ issued a decision in which he held that plaintiff was not disabled. Tr. 15-28. On November 14, 2002, the Appeals Council denied plaintiff's request for review, tr. 7-9, making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 416.1481, 422.210.

On July 14, 2003, this court reversed and remanded for further administrative proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g), based on the parties' stipulation. Tr. 607-08. On September 27, 2003, a Social Security Administrative Appeals Judge issued an Order of the Appeals Council vacating the July 19, 2001, Decision and remanding the case to an ALJ for further proceedings consistent with the order of the court. Tr. 609-10.

After remand hearings on August 3, 2005, and January 9, 2006, on July 19, 2006, the ALJ issued a decision finding

plaintiff not disabled. Tr. 565-576. Plaintiff files the appeal at bar.

**STATEMENT OF THE FACTS**

Plaintiff was 40 years old at the final hearing before the ALJ. Tr. 568. Plaintiff obtained a high school education and enrolled in several community colleges earning 20 academic credits toward an Associate's Degree with a cumulative grade point average of 3.0. Id. Plaintiff has past relevant work experience as a retail clerk, office clerk, mail order customer clerk/telemarketer, and day care provider. Tr. 567-68.

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous

3   - OPINION AND ORDER

period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) &

4 - OPINION AND ORDER

(f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff may have engaged in substantial gainful activity during the time period considered, however, a conclusive determination could not be made based on the record. Tr. 568, Finding 2. This finding is not in dispute. At step two, the ALJ found that plaintiff had the following severe impairments: obesity; chondromalacia patella; degenerative joint disease; patellar femoral syndrome in the right knee; gastroesophageal reflux disease; a hiatal hernia; and a history of both plantar fascitis and reactive airway disease. Tr. 568, Finding 3. This finding is in dispute. At step three, the ALJ found that plaintiff's impairments, severe and not severe, singularly and in combination, did not meet or equal the requirements of a listed impairment. Tr. 571, Finding 4. This finding is not in dispute.

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform medium exertional work, lifting fifty pounds occasionally, and twenty-five pounds frequently. Plaintiff can stand and/or walk no more than six hours in an eight hour workday with ordinary breaks. Plaintiff is limited to occasional balancing and must avoid climbing ramps, stairs, ladders, scaffolds, kneeling, crouching, and crawling. She cannot work with "dangerous hazards," and should not work

5   - OPINION AND ORDER

bent over for prolonged periods of time.  Tr. 571, Finding 5. This determination is not in dispute.

At step four, the ALJ found that plaintiff could perform her past relevant work as a retail clerk, office clerk and mail order customer clerk.  Tr. 575, Finding 6.  This finding is in dispute.  Finally, the ALJ found that plaintiff was not disabled.

The ALJ alternatively requested the vocational expert (VE) to assume that plaintiff could not perform past relevant work and asked whether she could perform other jobs existing in the national economy.  The VE testified that plaintiff could perform the jobs of hand packer, table worker, office helper and addresser clerk; all jobs existing in sufficient number in the national economy.  Tr. 575, Finding 7.

Need for Additional Proceedings

Plaintiff moves, in the alterative, to reverse and remand this case for additional proceedings.  Defendant argues that if the court is unable to find plaintiff "not disabled," then the court should "reverse and remand this case for further vocational expert testimony to explain the deviation."  Defendant's Brief, p. 12.  The court agrees that remand for additional proceedings is appropriate.

This court initially remanded this case for additional proceedings.  Tr. 607-08.  The Remand Order directed the parties to:

> Reevaluate the functional limitations arising from Plaintiff's impairments and the severity of those impairments;
>
> Reevaluate the medical evidence and, if necessary, re-contact medical sources for more clarification and obtain a consultative medical evaluation and

6   - OPINION AND ORDER

> medical expert testimony; and
>
> Reevaluate Plaintiff's residual functional capacity for work activities in light of all of the evidence and obtain vocational expert testimony to clarify the affect of the assessed limitations on the available occupational base.

Tr. 608.

"An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001)(internal citation omitted). Here, the Remand Order directed the ALJ to re-evaluate the medical evidence, and if necessary, re-contact medical sources for further clarification, and obtain a consultative medical evaluation and medical expert testimony. Tr. 608. The ALJ did, in fact, obtain two consultative examinations from Kevin Sullivan, M.D., and Kurt Brewster, M.D. Tr. 630-37, 671-702. The ALJ also obtained expert medical testimony from Dr. Goodman, who reviewed the medical record. Tr. 733-57.

The ALJ erred, however, in failing to re-contact plaintiff's treating physicians to resolve the ambiguity which exists regarding the severity of plaintiff's gastroesophageal reflux disease (GERD), her symptomatic vomiting, and the outcome of plaintiff's treating physicians' plan to refer plaintiff to a gastrointestinal specialist. I find the record here is inadequate to allow for proper evaluation of the evidence; and I further find that the evidence is ambiguous. Therefore, the ALJ is directed to re-contact Drs. Mullarkey, Kolo and Deatherage for

7   - OPINION AND ORDER

clarification and to obtain additional information on these issues. The non-examining physicians contacted by the ALJ failed to adequately address the issue of plaintiff's GERD and vomiting episodes. The non-examining physicians failed to address whether plaintiff's vomiting episodes are persistent, chronic and debilitating and reasonably related to her medical impairments, specifically as to the severity and frequency alleged by plaintiff and supported at least in part by the record. If the ALJ finds conflicting medical evidence, then the ALJ may reject the opinions and evidence of plaintiff's treating physicians' by providing "specific and legitimate reasons" supported by substantial evidence in the record. Holohan v. Massanari, 246 F.3d 1195, 1203 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).

Finally, based on the results of additional evidence gathered from plaintiff's treating physicians, the ALJ may need to re-contact the VE to present a hypothetical that accurately reflects plaintiff's condition and limitations.

**CONCLUSION**

The Commissioner's decision is reversed and remanded for additional proceedings.

IT IS SO ORDERED.

Dated this  25  day of October 2007.

/s/ Ann Aiken
Ann Aiken
United States District Judge

8   - OPINION AND ORDER